MARIA KELLY and HUSBAND *v.* C. A. LEHMAN et al.

Where a judgment was rendered for a certain sum of money, and, also, for the delivery of a note—
    *Held :* That the suspensive appeal bond must be sufficient in amount for both, or the appeal will be
    dismissed.

APPEAL from the District Court of the Parish of Carroll, *Farrar,* J.
    *M. DuBose,* for plaintiff.    *DeFrance, Pilcher & Montgomery,* for defendants
and appellants.

VOORHIES, J.    The plaintiff obtained, in the lower Court, a judgment for a
sum of money and for the delivery of a note of three hundred and sixty dollars.

The appeal is suspensive, and the appeal bond is for the sum of three hundred
and fifty dollars.

A motion to dismiss this appeal is based upon the ground, that the bond is in-
sufficient in amount.    The order of appeal does not fix the sum for which security
should have been given, otherwise than by stating that it be conditioned accord-
ing to law.

The bond furnished by the appellants covers the moneyed judgment, but not
the amount of the note.    It is, therefore, insufficient.

Appeal dismissed at costs of appellants.

MERRICK, C. J., absent.

EMILY ALEXANDER *v.* G. GUSMAN, Agent.

The sale of a thing belonging to another person is null ; it may give rise to damages when the buyer
    knew not that the thing belonged to another person. C. C. 2427.

APPEAL from the District Court of the Parish of E. Baton Rouge, *Avery,* J.
    *J. W. Burgess,* for plaintiff and appellant.    *T. G. Morgan,* for defendant.

VOORHIES, J.    The plaintiff and the defendant trace up their respective titles
to the property in dispute, through mesne conveyances, to a common ancestor,
*E. T. Hall.*    The difficulty has arisen from the construction placed upon the
transfer from *Hall* to *Abraham Stotts;* for the plaintiff claims through the latter,
and the defendant through his son !

The contract between *Hall* and *Stotts* was a mixed sale and exchange.    The
former conveyed the property in dispute to the latter's minor children in exchange
for property belonging to them.    In the notarial deed the father appeared simply
as representing them in the transaction.

The property, then, never belonged to *Abraham Stotts,* through whom the plain-
tiff holds title ; and the subsequent sale of it, in his succession, was an absolute
nullity, being the sale of another's property.    C. C. 2427.    The plaintiff, conse-
quently, has no title to the land.

Judgment affirmed.